UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIBA RASHIDIASL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MEP (ESIS/ARCH/CHUBB); IQARUS (international SOS),<br><br>　　　　　　　　　　Defendants. | Case No.: 23-CV-0325-GPC-DEB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS; SUA SPONTE DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM; AND DENYING MOTION TO APPOINT COUNSEL AS MOOT**<br><br>[Dkt. Nos. 2, 3] |

On February 17, 2023, Plaintiff Fariba Rashidiasl ("Plaintiff"), proceeding pro se, filed a complaint against Defendants MEP (ESIS/ARCH/CHUBB) and Iqarus (International SOS).  (Dkt. No. 1, Compl.)  Plaintiff concurrently filed a motion to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) and a motion to appoint counsel.  (Dkt. Nos. 2-3.)  For the reasons set forth below, the Court GRANTS Plaintiff's motion to proceed IFP, sua sponte DISMISSES the action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and DENIES Plaintiff's motion to appoint counsel as moot.

**A.	Motion to Proceed In Forma Pauperis**

All parties instituting any civil action, suit, or proceeding in a district court of the

United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). The plaintiff must submit an affidavit demonstrating his inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. 28 U.S.C. § 1915(a)(1). "To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, Case No.: 1:19-cv-00040 –JLT, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).

Here, Plaintiff submitted a form application and declaration stating that she has had no income during the past twelve months. (Dkt. No. 2 at 1-2.[2]) She has $5 in cash and a checking account but does not provide the amount and owns a 2017 Honda Accord but does not indicate its value. (*Id.* at 2-3.) Given that Plaintiff has failed to report the balance of her checking account balance, the Court DENIES Plaintiff's motion for leave to proceed IFP without prejudice. Plaintiff may refile her motion to proceed IFP with an affidavit identifying all of her assets.

**B.      Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)**

A complaint filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) is subject to mandatory sua sponte review and dismissal by the Court if it is "frivolous, or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*) (discussing 28 U.S.C. §

---

[1] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)). The $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

[2] Page numbers are based on the CM/ECF pagination.

1915(e)(2)); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners).  "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A complaint fails to state a claim for relief under Rule 8 if the factual assertions in it, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted); *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  Moreover, courts "liberally construe[]" pro se claims, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and hold them to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

The complaint alleges Plaintiff was denied medical benefits and compensation under the Defense Base Act by Defendants MEP (ESIS/ARCH/CHUBB) and Iqarus' (international SOS) after she suffered injuries when she fell off her bed on January 10, 2021 while deployed in Afghanistan as a linguist.  (Dkt. No. 1 at 2.)  Attached to the form

complaint are three "letters" to the court providing a narrative of what happened as well as medical reports, emails and a response to discovery with the United States Department of Labor Office of Administrative Law Judges. (Dkt. Nos. 1-2; 1-3; 1-4.) The Court concludes that Plaintiff has not met the requisite Rule 8 pleading standard.

First, the complaint[3], which is brief and does not allege any cause of action, and the attached "letters" to the court which include a narrative as to what happened but does not assert any cause of action, fail to plausibly allege facts to support the elements of any cause of action. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case."). Additionally, Plaintiff does not specify which claims she is making against which defendant. *See Dougherty v. Bank of America, N.A.*, 177 F. Supp. 3d 1230, 1253 (E.D. Cal. 2016) (where there are multiple defendants, the complaint "must allege the basis of [her] claim against each defendant to satisfy" Rule 8). As pleaded, Plaintiff's complaint does not afford Defendants a fair opportunity to defend themselves and does not satisfy the Rule 8 pleading requirements. *See McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996). Accordingly, the Court sua sponte **DISMISSES** the complaint for failing to state a claim with leave to amend. If Plaintiff files an amended complaint, she must present facts that plausibly assert a cause of action and if there are multiple causes of action, she must present separate causes of action for each claim asserted as well as facts supporting each claim. *See Bautista*, 216 F.3d at 840-41.

Additionally, it appears the complaint may be barred under the doctrine of res judicata. *See Martindale v. Target Corp. Mgmt.*, CASE NO. C18-1158JLR, 2018 WL 4441469, at *2 (W.D. Wash. Sept. 17, 2018) (sua sponte dismissing action as frivolous

---

[3] On sua sponte review, the Court usually only considers the complaint, but because Plaintiff is pro se, the Court considers the attached "letters" to the court explaining her "story."

and for failure to state a claim because it is barred on res judicata grounds); *see e.g.*, *Loeh v. Weston*, 78 Fed. Appx. 569, 569-70 (9th Cir. 2003) (affirming district court's sua sponte dismissal of prisoner's duplicative civil rights case under 28 U.S.C. § 1915A(b)(1) on the ground it was frivolous).

The United States Supreme Court has held that res judicata may be applied to agency actions "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *Public Utility Dist. No. 1 of Snohomish Cnty. v. Fed. Emergency Mgmt. Agency*, 371 F.3d 701, 708 (9th Cir. 2004) (quoting *Astoria Fed. Sav. and Loan Ass'n. v. Solimino*, 501 U.S. 104, 107 (1991)).  Res judicata, or claim preclusion, forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001).  Claim preclusion, or res judicata, applies where: (1) the same parties, or their privies, were involved in the prior litigation, (2) the prior litigation involved the same claim or cause of action as the later suit, and (3) the prior litigation was terminated by a final judgment on the merits. *Blonder–Tongue Labs. v. Univ. of Ill. Fdn.*, 402 U.S. 313, 323-24 (1971).

The Court takes judicial notice of a case filed in this district, *Mission Essential Personnel, LLC et al. v. Rashidiasl*, Case No. 23cv384-CAB(NLS).  On February 28, 2023, subsequent to the filing of the instant complaint, Mission Essential Personnel, LLC ("MEP") and Arch Insurance Company ("Arch") filed a complaint seeking certification of facts and dismissal of claim under the Longshore and Harbor Workers' Compensation Act, ("LHWCA"), 33 U.S.C. § 927(b) as extended by the Defense Base Act, ("DBA"), 42 U.S.C. § 1651 *et seq*. (Case No. 23cv384-CAB(NLS), Dkt. No. 1, Compl.)  Ms. Rashidiasl's claim for benefits under the LHWCA was subject to administrative proceedings with MEP and Arch with the Office of Workers' Compensation Program ("OWCP"), Case No. OWCP No. LS-14429220, and Office of Administrative Law Judges ("OALJ") No. 2021-LDA-04318. (*Id.* ¶¶ 1, 2.)  During the administrative

proceedings, Ms. Rashidiasl failed to comply with discovery and court orders. (*Id.* ¶ 3.) Therefore, pursuant to 33 U.S.C. § 927(b)[4], Administrate Law Judge Stewart F. Alford issued an Order Certifying Facts and Referring Case to District Court on September 29, 2022. (*Id.* ¶ 3; *id.*, Ex. 1 at 11). The proceedings before the OALJ concerned Ms. Rashidiasl's Claim for Compensation seeking "wage loss disability compensation benefits" and medical benefits under the LHWCA and DBA dated March 17, 2021. (*Id.* ¶ 13.) In the claim, Ms. Rashidiasl alleges she "sustained right shoulder, right hand, left knee, neck, and back injuries when she had a nightmare and fell out of bed on January 10, 2021 while employed as a linguist by Employer in Kabul, Afghanistan, having worked in this position for one year from February 2020 through February 2021." (*Id.*) On May 16, 2023, District Judge Bencivengo dismissed the case with prejudice after Ms. Rashidiasl failed to appear for a hearing and found that the facts certified by ALJ Alford warrant dismissal as a sanction for her failure to comply with Judge Alford's discovery order. (*Id.*, Dkt. No. 25.) Judgment was entered on May 16, 2023. (*Id.*, Dkt. No. 26.)

In this case, the complaint lists 2021-LDA-04318 OALJ as a related case. (Dkt. No. 1, Compl. at 1.) Plaintiff claims she was injured when she fell off her bed on January 10, 2021 and was denied medical benefits and/or compensation. (Dkt. No. 1, Compl.) In her three "letters" to the Court, she provides a narrative as to what happened. (See Dkt. No. 1-2; 1-3, 1-4.) It appears that the potential claims against MEP and ESIS/ARCH/Chubb may be barred by res judicata. With the exception of Iqarus

---

[4] "If any person in proceedings before a deputy commissioner or Board disobeys or resists any lawful order or process, or misbehaves during a hearing or so near the place thereof as to obstruct the same, or neglects to produce, after having been ordered to do so, any pertinent book, paper, or document, or refuses to appear after having been subpoenaed, or upon appearing refuses to take the oath as a witness, or after having taken the oath refuses to be examined according to law, the deputy commissioner or Board shall certify the facts to the district court having jurisdiction in the place in which he is sitting (or to the United States District Court for the District of Columbia if he is sitting in such District) which shall thereupon in a summary manner hear the evidence as to the acts complained of, and if the evidence so warrants, punish such person in the same manner and to the same extent as for a contempt committed before the court, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of or in the presence of the court." 33 U.S.C. § 927(b).

(international SOS), the parties are in privity, the prior litigation involved the same injuries arising from the fall from her bed on January 10, 2021 and based on the district court's final judgment in 23cv384-CAB(NLS), it would appear that the administrative proceedings have also been terminated by a final judgment.  Accordingly, in the event Plaintiff files an amended complaint, she must keep in mind that the claims already raised against MEP (ESIS/ARCH/Chubb) in the administrative proceedings may be barred by the doctrine of res judicata.

C.     **Motion for Appointment of Counsel**

The Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dept. of Social Servs.*, 452 U.S. 18, 25 (1981).  Under 28 U.S.C. § 1915(e)(1), however, district courts are granted discretion to appoint counsel for indigent persons under "exceptional circumstances."  *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Here, because the Court SUA SPONTE dismisses Plaintiff's complaint for failure to state a claim upon which relief can be granted, the Court DENIES Plaintiff's request for appointment counsel as moot.

### Conclusion

Based on the above, the Court DENIES Plaintiff's motion to proceed in forma pauperis, sua sponte DISMISSES the complaint for failure to state a claim, and DENIES Plaintiff's motion for appointment of counsel as moot.  The Court also denies Plaintiff's motion to have the case transferred back to the undersigned judge as moot.  (Dkt. No. 10.)

Plaintiff is granted leave to file an amended complaint to cure the deficiencies noted above.  In the event Plaintiff seeks to file an amended complaint, she must do so no later than **June 30, 2023**.  If Plaintiff fails to timely amend, the Court will enter a final Order dismissing the entire action.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire

action.").

The amended complaint must be complete by itself without reference to her previous pleading. Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

**IT IS SO ORDERED.**

Dated:  May 30, 2023

Hon. Gonzalo P. Curiel
United States District Judge