UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| FARIBA RASHIDIASL,<br><br>                                     Plaintiff,<br><br>v.<br><br>MEP (ESIS/ARCH/CHUBB); IQARUS (international SOS),<br><br>                                     Defendants. | Case No.: 23-CV-0325-GPC-DEB<br><br>**ORDER REJECTING DOCUMENTS AND STRIKING THEM FROM THE DOCKET AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>[Dkt. Nos. 17, 18.] |
|---|---|

On February 17, 2023, Plaintiff Fariba Rashidiasl ("Plaintiff"), proceeding pro se, filed a complaint against Defendants MEP (ESIS/ARCH/CHUBB) and Iqarus (International SOS) along with a motion to proceed in forma pauperis ("IFP") and motion to appoint counsel.  (Dkt. Nos. 1, Compl.; Dkt. Nos. 2, 3.)  On May 30, 2023, the Court denied Plaintiff's motion to proceed in forma pauperis[1], *sua sponte* dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(a) and denied the motion to appoint counsel as moot.  (Dkt. No. 12.)  The Court granted Plaintiff leave to file an amended complaint to cure the deficiencies noted in the order no later than June

---

[1] The Court recognizes there was an error in the introductory paragraph of its order stating that the motion to proceed in forma pauperis ("IFP") was granted; however, the caption, the analysis of the IFP motion explaining why it was denied, and the conclusion confirm that the Court denied Plaintiff's motion to proceed IFP.

1  30, 2023. (*Id.* at 7.)

2  On June 29, 2023, Plaintiff mailed a motion for extension of time to file an appeal
3  of the Court's order. (Dkt. No. 15.) On July 6, 2023, the Court denied her motion
4  because the Ninth Circuit would not have jurisdiction over an order that granted Plaintiff
5  leave to amend. (Dkt. No. 16 (citing *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136
6  (9th Cir. 1997) (*en banc*) ("We now specifically rule that a plaintiff, who has been given
7  leave to amend, may not file a notice of appeal simply because he does not choose to file
8  an amended complaint. A further district court determination must be obtained.").)
9  Instead, the Court granted her an extension of time to file an amended complaint and an
10 amended motion to proceed IFP by August 4, 2023. (*Id.*)

11 However, Plaintiff did not file an amended complaint. Instead, around August 3,
12 2023, she wrote two letters to the Court. One letter complains about the procedures
13 undertaken in this case by the Court as well as presenting facts underlying her grievance
14 against the defendants and attaching her medical records as well as documents from her
15 claim for benefits under the Longshore and harbor Workers' Compensation Act,
16 ("LHWCA"), as extended by the Defense Base Act, ("DBA") and proceedings with the
17 Office of Workers' Compensation Program.[2] The second letter is addressed to the
18 "Honorable Chief Judge" complaining about how her cases have been handled in this
19 Court.

20 Despite proceeding pro se, the Court cannot construe these letters as an amended
21 complaint. To the extent she was attempting to file an amended complaint, it must
22 comply with the Federal Rule of Civil Procedure as well as the Southern District of
23 California Civil Local Rules. As the Court explained in its prior order, a complaint
24 cannot merely include a narrative as to what happened but must plausibly allege facts to

---

[2] As noted in the Court's prior order, Plaintiff's Workers' Compensation claim was subject to litigation in *Mission Essential Personnel, LLC et al. v. Rashidiasl*, Case No. 23cv384-CAB(NLS) in this district. That case was dismissed with prejudice after Plaintiff failed to appear for a hearing and judgment was entered on May 16, 2023. (*Id.*, Dkt. Nos. 25, 26.)

support the elements of each cause of action.  *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case.").  Additionally, Plaintiff does not specify which claims she is making against which defendant.  *See Dougherty v. Bank of America, N.A.,* 177 F. Supp. 3d 1230, 1253 (E.D. Cal. 2016) (where there are multiple defendants, the complaint "must allege the basis of [her] claim against each defendant to satisfy" Rule 8).  Finally, the S.D. Civil Local Rules provide guidance and requirements on the form of pleadings as well as procedures on how to file an IFP application.  *See* S.D. Cal. CivLR 3.2 & 5.1.

Accordingly, the Court REJECTS AND STRIKES the two documents from the docket and GRANTS Plaintiff one final opportunity to file an amended complaint and amended motion to proceed IFP or pay the filing fee on or before **September 15, 2023**. The amended complaint must be complete by itself without reference to her previous pleading.   Defendants not named and any claim not re-alleged in the Amended Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails or decides not to file an amended complaint and amended motion to proceed IFP or pay the filing fee by **September 15, 2023**, the Court will enter a final Order dismissing the entire action.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire

/ / /

/ / /

/ / /

action."). In this event, once the Order dismissing the entire action is filed, Plaintiff may file a notice of appeal with the Ninth Circuit.

IT IS SO ORDERED.

Dated: August 17, 2023

Hon. Gonzalo P. Curiel
United States District Judge