UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIBA RASHIDIASL,<br><br>                        Plaintiff,<br><br>v.<br><br>MEP (ESIS/ARCH/CHUBB); IQARUS (international SOS),<br><br>                        Defendants. | Case No.:  23-CV-0325-GPC-DEB<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

On February 17, 2023, Plaintiff Fariba Rashidiasl ("Plaintiff"), proceeding pro se, filed a complaint against Defendants MEP (ESIS/ARCH/CHUBB) and Iqarus (International SOS) along with a motion to proceed in forma pauperis ("IFP") and motion to appoint counsel.  (Dkt. Nos. 1, 2, 3.)  On May 30, 2023, the Court denied Plaintiff's motion to proceed in forma pauperis[1], *sua sponte* dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(a) and denied the motion to appoint counsel as moot.  (Dkt. No. 12.)  The Court granted Plaintiff leave to file an amended complaint to cure the deficiencies noted in the order no later than June 30, 2023.  (*Id.* at 7.)

On June 29, 2023, Plaintiff mailed a motion for extension of time to file an appeal

---

[1] The Court recognizes there was an error in the introductory paragraph of its order stating that the motion to proceed in forma pauperis ("IFP") was granted; however, the caption, the analysis of the IFP motion explaining why it was denied, and the conclusion confirm that the Court denied Plaintiff's motion to proceed IFP.

of the Court's order.  (Dkt. No. 15.)  On July 6, 2023, the Court denied her motion because the Ninth Circuit would not have jurisdiction over an order that granted Plaintiff leave to amend.  (Dkt. No. 16 (citing *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) ("We now specifically rule that a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained.").)  Instead, the Court granted her an extension of time to file an amended complaint and an amended motion to proceed IFP by August 4, 2023.  (*Id.*)

Around August 3, 2023, Plaintiff wrote two letters to the Court.  On August 17, 2023, the Court issued an order rejecting and striking the two letters from the docket because the Court could not construe the letters as an amended complaint.  (Dkt. No. 19.)  The Court explained that an amended complaint must comply with the Federal Rules of Civil Procedure as well as the Southern District of California Civil Local Rules.  (*Id.* at 2.)  In light of these deficiencies, the Court granted Plaintiff one final opportunity to file an amended complaint by September 15, 2023.  (*Id.* at 3.)

The deadline to file an amended complaint has passed and to date, Plaintiff has not filed an amended complaint nor sought an extension of time to file one.  Accordingly, the Court DISMISSES this civil action in its entirety without further leave to amend based on Plaintiff's failure to state a claim upon which relief can be granted and for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Edwards v. Marin Park,* 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or indicating to the court that [she] will not do so—is properly met with the sanction of a Rule 41(b) dismissal."); *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").  The Court DIRECTS the

/ / /

/ / /

Clerk of Court to enter final judgment of dismissal and to close the file.

    IT IS SO ORDERED.

Dated: October 3, 2023

                                  Hon. Gonzalo P. Curiel
                                  United States District Judge