UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIBA RASHIDIASL,<br><br>                    Plaintiff,<br><br>v.<br><br>MEP (ESIS/ARCH/CHUBB); IQARUS (international SOS),<br><br>                    Defendants. | Case No.:  23-CV-0325-GPC-DEB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST TO SEAL CERTAIN DOCKET ENTRIES** |

On February 17, 2023, Plaintiff Fariba Rashidiasl ("Plaintiff"), proceeding pro se, filed a complaint against Defendants MEP (ESIS/ARCH/CHUBB) and Iqarus (International SOS) alleging she was denied medical benefits and compensation under the Defense Base Act by Defendants MEP (ESIS/ARCH/CHUBB) and Iqarus' (international SOS).  (Dkt. No. 1 at 2.)  On October 3, 2023, the Court dismissed the action for failing to state a claim and for failing to prosecute and entered judgment.  (Dkt. Nos. 20, 21.)

On November 13, 2025, Plaintiff reached out to the Court requesting it to seal all her personal information, including her name, contact details, court records and any other identifying information in her case.  (Dkt. No. 24.)

There is a presumptive right of public access to court records based upon the common law and the first amendment.  *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589,

597 (1978); *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1212 13 (9th Cir. 2002); *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'").

Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Center for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)) ("The common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so."). To overcome this strong presumption, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citations, quotation marks, and alterations omitted).

District courts in this circuit have concluded that the need to protect medical privacy qualifies as a compelling reason to seal records. *Vega v. Honeywell Int'l, Inc.*, No. 3:19-CV-0663 W (BGS), 2021 WL 6106424, *3 (S.D. Cal. Mar. 23, 2021) (citation omitted); *see also A.C. v. City of Santa Clara*, No. 13-CV-03276-HSG, 2015 WL 4076364, *1 (N.D. Cal. July 2, 2015) (finding that confidentiality concerns outweigh the presumption of public access to court records where medical and mental health records are concerned). Because medical records are confidential under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), some courts have gone so far as to seal medical information *sua sponte*. *See San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.,* No. 10–cv–02258–SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) ("Although there is a presumption in favor of maintaining public access to court records, the Court notes that medical records are deemed confidential under the [HIPAA] In view of these considerations, the Court finds that the need to protect the Patient's confidential medical information outweighs any necessity for disclosure, and sua sponte

seals the aforementioned documents.") (internal citations omitted).

Because documents attached to Plaintiff's complaint include her medical history and supporting medical records, the Court finds there are compelling reasons to seal those documents contained in Dkt Nos. 1-2, 1-3, and 1-4, and GRANTS Plaintiff's request to seal her medical records.  However, Plaintiff has not shown any compelling reasons to seal documents that include her name, contact details or any other identifying information.  Therefore, the Court DENIES Plaintiffs' request to seal her name, contact details or any other identifying information.

## Conclusion

Based on the above, the Court GRANTS in part and DENIES in part Plaintiff's request to seal documents.  The Court directs the Clerk of Court to seal Dkt. Nos. 1-2, 1-3, and 1-4 as they include her medical history and medical records.

IT IS SO ORDERED.

Dated:  November 20, 2025

Hon. Gonzalo P. Curiel
United States District Judge